## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JAMES FRAINEY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 01 C 6402 |
| | ) | |
| v. | ) | |
| | ) | |
| PIVOTAL SOFTWARE USA, INC., | ) | Judge Elaine Bucklo |
| | ) | Mag. Judge Edward Bobrick |
| Defendant. | ) | |

**DOCKETED**
**AUG 2 7 2001**

FILED-EDB
01 AUG 24 PM 3: 08
CLERK
U.S. DISTRICT COURT

### NOTICE OF FILING

To:     John T. Groark
        Clausen Miller, P.C.
        10 S. LaSalle Street
        Suite 1600
        Chicago, IL 60603

PLEASE TAKE NOTICE that on **August 24, 2001**, we filed with the Clerk of the United States District Court for the Northern District of Illinois, Defendant's **Answer to Complaint**, a copy of which is attached.

PIVOTAL SOFTWARE USA, INC.
now known as PIVOTAL CORPORATION

By: _Jeremy Glenn_
One of Its Attorneys

Marc R. Jacobs - #06191561
Jeremy J. Glenn - #06242988
D'Ancona & Pflaum LLC
111 East Wacker Drive, Suite 2800
Chicago, Illinois 60601
(312) 602-2000

Of Counsel to Pivotal Software USA, Inc., now known as Pivotal Corporation:

Gregory A. Hendershott
Lisa Guterson
Dorsey & Whitney LLP
U.S. Bank Centre
1420 Fifth Avenue, Suite 3400
Seattle, WA 98101
(206) 903-8800

548516.v1



## CERTIFICATE OF SERVICE

I, Jeremy J. Glenn, an attorney, certify that I caused a true and correct copy of Defendant's **Answer to Complaint**, a copy of which is attached, to be served upon:

> John T. Groark
> Clausen Miller, P.C.
> 10 S. LaSalle Street
> Suite 1600
> Chicago, IL 60603

by enclosing same in an envelope addressed as above, with postage fully prepaid, and causing it to be deposited in the U.S. Post Office mailbox at 111 E. Wacker Drive, on the **24th** day of **August**, **2001**.

Jeremy J. Glenn

548516.v1                                                    2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JAMES FRAINEY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 01 C 6402 |
| | ) | |
| v. | ) | |
| | ) | |
| PIVOTAL SOFTWARE USA, INC., | ) | Judge Elaine Bucklo |
| | ) | Mag. Judge Edward Bobrick |
| Defendant. | ) | |

**DOCKETED**
**AUG 2 7 2001**

FILED-EDS
01 AUG 24 PH 3: 03
CLERK
U.S. DISTRICT COURT

### ANSWER TO COMPLAINT

Defendant Pivotal Software USA, Inc., now known as Pivotal Corporation ("Pivotal"), by and through its attorneys, Marc R. Jacobs and Jeremy J. Glenn, answers Plaintiff James Frainey's Complaint as follows:

### GENERAL ALLEGATIONS

1.      At all material times,  Plaintiff was a resident of Chicago, Illinois.

**Answer:**      Pivotal admits the allegations in Paragraph 1.

2.      On information and belief, Pivotal is a foreign corporation, with offices located at 10210 N.E. Points Drive, Kirkland, Washington 98033 and doing business in the State of Illinois.

**Answer:**      Pivotal admits the allegations in Paragraph 2.

3.      In March 1999, Plaintiff met with Glen Hasen, Vice President of Worldwide Sales for Pivotal, on multiple occasions in Chicago, Illinois to discuss potential employment.

**Answer:**      Pivotal admits the allegations in Paragraph 3.

4.      At those meetings, in order to induce Plaintiff to accept employment, Pivotal represented to Plaintiff that he would receive a base salary, additional incentive compensation upon achieving reasonable sales objectives, and an option to purchase 50,000 shares of Pivotal stock.

**Answer:**      Pivotal is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and therefore denies them.



5.      In April 1999, Plaintiff participated in further discussions and meetings with other executives of Pivotal to discuss employment.

**Answer:**      Pivotal is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore denies them.

6.      After the April meeting, Plaintiff received an offer of employment from Pivotal which included a base salary, additional incentive compensation upon achieving reasonable sales objectives, and an option to purchase 50,000 shares which Plaintiff accepted as the terms of his employment.

**Answer:**      Pivotal admits that it sent Plaintiff a letter offering him employment under certain terms, including a base salary and additional incentive compensation.  Pivotal denies the remaining allegations in Paragraph 6.

7.      On April 28, 1999, Pivotal faxed to Plaintiff a letter which purported to contain the terms of his employment.  (Letter attached hereto and incorporated herein as Exhibit 1.)

**Answer:**      Pivotal is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies them.  By way of further response, to the extent the allegations of Paragraph 7 pertain to Exhibit 1, such written document speaks for itself.

8.      Exhibit 1 provided for a base salary, additional incentive compensation upon achieving certain sales objectives and an option to purchase 20,000 voting common shares.

**Answer:**      Paragraph 8 refers to Exhibit 1, a written document that speaks for itself.  No response is required. To the extent an answer is required, Pivotal denies the allegations contained in paragraph 8.

9.      Upon receipt of Exhibit 1, Plaintiff contacted Pivotal immediately, as it did not set forth the terms upon which he and Pivotal had agreed.  Plaintiff was assured the letter would be revised to comport with the terms of his acceptance of employment.

**Answer:**      Pivotal is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies them.

10.      On April 29, 1999, plaintiff received a confirmation letter from Pivotal stating that he would be given an option to purchase 25,000 voting common shares and that Pivotal intended to

initiate a stock split in the near future. (Letter attached as Exhibit 2.) The stock split would result in Plaintiff receiving the 50,000 options that he was offered and had accepted.

**Answer:** Pivotal is without knowledge or information sufficient to form a belief as to the truth of the allegations that plaintiff received a confirmation letter from Pivotal on April 29, 1999. To the extent the allegations of Paragraph 10 pertain to Exhibit 2, such written document speaks for itself. The last sentence of Paragraph 10 states a legal conclusion as opposed to factual allegations to which a response is required. Pivotal denies the remaining allegations in Paragraph 10.

11. Based upon and relying on these representations and assurances, plaintiff signed Exhibit 1 on May 4, 1999.

**Answer:** Paragraph 11 states a legal conclusion as opposed to factual allegations to which a response is required. To the extent the allegations of Paragraph 11 pertain to Exhibit 1, such written document speaks for itself. To the extent an answer is required, Pivotal denies the allegations contained in paragraph 11.

12. Plaintiff began employment with Pivotal on or about May 10, 1999.

**Answer:** Pivotal admits the allegations contained in Paragraph 12.

13. During the term of his employment, no stock split ever occurred. Plaintiff repeatedly questioned Pivotal about the failure to provide him with 50,000 voting common share options and received no satisfaction.

**Answer:** Pivotal admits the allegations contained in the first sentence of Paragraph 13. Pivotal is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 and therefore denies them.

14. During the term of his employment, Plaintiff's sales objectives were set at unreasonable, unreachable amounts that were in excess of five times the prior yearly sales for his assigned territory. Therefore, though Plaintiff was able to increase yearly sales, he was effectively denied the opportunity to earn the promised additional incentive compensation.

**Answer:** Pivotal denies the allegations in Paragraph 14.

3

15.     Plaintiff relied, to his detriment, upon the representations made by Pivotal regarding the options he would receive and a reasonable sales quota.

**Answer**:     Paragraph 15 states a legal conclusion as opposed to factual allegations to which a response is required. To the extent an answer is required, Pivotal denies the allegations contained in paragraph 15.

## COUNT I – BREACH OF ORAL CONTRACT

16.     Plaintiff hereby incorporates the allegation of paragraphs 1 through 15 as though fully set forth herein.

**Answer**:     Pivotal incorporates its answers to Paragraphs 1 through 15 into its answers to Count I as though fully set forth herein.

17.     Plaintiff has at all times performed the terms of his employment agreement in the manner specified by the agreement.

**Answer**:     Paragraph 17 states a legal conclusion as opposed to factual allegations to which a response is required. To the extent an answer is required, Pivotal denies the allegations contained in paragraph 17.

18.     Pivotal has breached the employment agreement by failing to set reasonable, reachable sales quotas for Plaintiff to earn the promised additional incentive compensation and by failing to provide Plaintiff with the agreed upon options on 50,000 voting common shares.

**Answer**:     Paragraph 18 states a legal conclusion as opposed to factual allegations to which a response is required. To the extent an answer is required, Pivotal denies the allegations contained in paragraph 18.

19.     As a directed and proximate result of the described breaches of contract by Pivotal, Plaintiff has been wrongfully denied his promised compensation and stock options, has lost income, and has wrongfully incurred costs, expenses and attorney fees.

**Answer**:     Pivotal denies the allegations in Paragraph 19.

WHEREFORE, James Frainey demands judgment against Pivotal Software USA, Inc. for compensatory damages in excess of $50,000 as determined by the proofs; costs and expenses of suit

548348.v1

incurred; reasonable attorney fees; applicable interest; and such further relief as this Court may deem just and proper.

**Answer:**     Pivotal denies that Plaintiff is entitled to the relief requested in the above Paragraph or to any relief whatsoever.

## COUNT II – BREACH OF WRITTEN CONTRACT

20.     Plaintiff hereby incorporates the allegations of paragraphs 1 through 15 as though fully set forth herein.

**Answer:**     Pivotal incorporates its answers to Paragraphs 1 through 19 into its answers to Count II as though fully set forth herein.

21.     Plaintiff has at all times performed the terms of his employment agreement in the manner specified by the agreement.

**Answer:**     Paragraph 21 states a legal conclusion as opposed to factual allegations to which a response is required. To the extent an answer is required, Pivotal denies the allegations contained in paragraph 21.

22.     Pivotal has breached the employment agreement by failing to set reasonable, reachable sales quotas for Plaintiff to earn the promised additional incentive compensation and by failing to initiate a stock split and provide Plaintiff with the stated stock options.

**Answer:**     Paragraph 22 states a legal conclusion as opposed to factual allegations to which a response is required. To the extent an answer is required, Pivotal denies the allegations contained in paragraph 22.

23.     As a direct and proximate result of the described breaches of contract by Pivotal, Plaintiff has been wrongfully denied his promised compensation and stock options, has lost income, and has wrongfully incurred costs, expenses and attorney fees.

**Answer:**     Pivotal denies the allegations in Paragraph 23.

548348.v1                                                 5

WHEREFORE, James Frainey demands judgment against Pivotal Software USA, Inc. for compensatory damages in excess of $50,000 as determined by the proofs; costs and expenses of suit incurred; reasonable attorney fees; applicable interest; and such further relief as this Court may deem just and proper.

**Answer**:     Pivotal denies that Plaintiff is entitled to the relief requested in the above Paragraph

or to any relief whatsoever.

## COUNT III – FRAUDULENT MISREPRESENTATION

24.     Plaintiff hereby incorporates the allegations of paragraphs 1 through 15 as though fully set forth herein.

**Answer**:     Pivotal incorporates its answers to Paragraphs 1 through 23 into its answers to Count

III as though fully set forth herein.

25.     Pivotal represented to Plaintiff that he would be paid additional incentive compensation based on reasonable sales objectives.  Upon information and belief, Pivotal knew or believed this representation was false.

**Answer**:     Pivotal admits that it sent Plaintiff a letter offering him employment under certain

terms, including a base salary and additional incentive compensation.  Pivotal denies the remaining

allegations in Paragraph 25.

26.     Pivotal represented to Plaintiff that he would be granted an option to purchase 50,000 common voting shares of Pivotal stock.  Upon information and belief, Pivotal knew or believed this representation was false.

**Answer**:     Pivotal is without knowledge or information sufficient to form a belief as to the truth

of the allegations in the first sentence of Paragraph 26 and therefore denies them.  Pivotal denies the

remaining allegations in Paragraph 26.

27.     Pivotal, in an effort to induce Plaintiff to accept employment, intended that Plaintiff rely upon its representations at the time they were made.

**Answer**:     Pivotal admits that it made an offer of employment to Plaintiff, and that Plaintiff

accepted that offer.  Pivotal denies the remaining allegations in Paragraph 27.

548348.v1

28.    Plaintiff in justifiable reliance on the truth of Pivotal's representations concerning his promised salary and benefits accepted employment.

**Answer**:    Paragraph 28 states a legal conclusion as opposed to factual allegations to which a response is required. To the extent an answer is required, Pivotal denies the allegations contained in paragraph 28.

29.    Plaintiff has suffered damages as a result of his reliance upon Pivotal's fraudulent representation and misrepresentations, including, but not limited to, loss of the ability to earn the additional incentive compensation promised and loss of the income to be received by the receipt of options for 50,000 voting common shares.

**Answer**:    Pivotal denies the allegations in Paragraph 29.

WHEREFORE, James Frainey demands judgment against Pivotal Software USA, Inc. for compensatory damages in excess of $50,000 as determined by the proofs; costs and expenses of suit incurred; reasonable attorney fees; applicable interest; and such further relief as this Court may deem just and proper.

**Answer**:    Pivotal denies that Plaintiff is entitled to the relief requested in the above Paragraph or to any relief whatsoever.

## COUNT IV – NEGLIGENT MISREPRESENTATION

30.    Plaintiff hereby incorporates the allegations of paragraphs 1 through 15 as though fully set forth herein.

**Answer**:    Pivotal incorporates its answers to Paragraphs 1 through 29 into its answers to Count IV as though fully set forth herein.

31.    Pivotal had a duty to negotiate in good faith, to communicate accurate information, and to fully disclose the terms of employment while entering into the employment agreement with Plaintiff.

**Answer**:    Paragraph 31 states a legal conclusion as opposed to factual allegations to which a response is required. To the extent an answer is required, Pivotal denies the allegations contained in paragraph 31.

    32.    Pivotal breached this duty by committing one or more of the following acts or omissions:

        a.    by representing to Plaintiff that he would be paid additional incentive compensation based on reasonable sales objectives;

        b.    by representing to Plaintiff that he would receive an option to purchase 50,000 common voting shares of Pivotal stock;

        c.    by representing to Plaintiff that Pivotal would initiate a stock split in the very near future;

        d.    by failing to initiate a stock split and otherwise failing to provide Plaintiff an option to purchase 50,000 common voting shares of Pivotal stock; and

        e.    by setting unreasonable and unreachable sales quotas.

**Answer:**    Paragraph 32 states a legal conclusion as opposed to factual allegations to which a response is required. To the extent an answer is required, Pivotal denies the allegations contained in paragraph 32.

    33.    As a direct and proximate result of Pivotal's breach of its duty, Plaintiff has been wrongfully denied his promised compensation and options, has lost income, and has wrongfully incurred costs, expenses, and attorney's fees.

**Answer:**    Pivotal denies the allegations in Paragraph 33.

    WHEREFORE, James Frainey demands judgment against Pivotal Software USA, Inc. for compensatory damages in excess of $50,000 as determined by the proofs; costs and expenses of suit incurred; reasonable attorney fees; applicable interest; and such further relief as this Court may deem just and proper.

**Answer:**    Pivotal denies that Plaintiff is entitled to the relief requested in the above Paragraph or to any relief whatsoever.

## COUNT V – BREACH OF CONTRACT FOR FAILURE TO PAY COMMISSIONS

    34.    Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 15 above as if fully set forth herein.

**Answer:**    Pivotal incorporates its answers to Paragraphs 1 through 33 into its answers to Count V as though fully set forth herein.

35.     By virtue of the employment agreement with Plaintiff, Pivotal obligated itself to provide Plaintiff with commissions as a result of contracts negotiated by sales representatives who reported to Plaintiff.

**Answer:**     Paragraph 35 states a legal conclusion as opposed to factual allegations to which a response is required. To the extent an answer is required, Pivotal denies the allegations contained in paragraph 35.

36.     During the term of Plaintiff's employment, a sales representative who reported to Plaintiff negotiated an agreement with American Medical Security in the amount of six hundred seventeen thousand dollars ($617,000.00).

**Answer:**     Pivotal admits that during the term of Plaintiff's employment, a sales representative who reported to Plaintiff negotiated an agreement with American Medical Security in the amount of six hundred seventeen thousand four hundred dollars ($617,400.00).

37.     Plaintiff's salary structure entitled him to a commission of .2% based on the work of all sales representatives who reported to Plaintiff.  Therefore, Plaintiff was entitled to a commission of one thousand two hundred thirty-four dollars ($1,234.00).

**Answer:**     Pivotal admits that Plaintiff's compensation plan provided that he would be entitled to a commission of .2% based on the work of sales representatives who reported to Plaintiff under certain circumstances.  The remaining allegations in Paragraph 37 state a legal conclusion as opposed to factual allegations to which a response is required. To the extent an answer is required, Pivotal denies the remaining allegations contained in paragraph 37.

38.     Pivotal has breached its agreement with Plaintiff by failing to pay the commissions due.

**Answer:**     Paragraph 38 states a legal conclusion as opposed to factual allegations to which a response is required. To the extent an answer is required, Pivotal denies the allegations contained in paragraph 38.

39.     Plaintiff has at all times performed the terms of his employment agreement in the manner specified by the agreement.

**Answer:**     Paragraph 39 states a legal conclusion as opposed to factual allegations to which a response is required. To the extent an answer is required, Pivotal denies the allegations contained in paragraph 39.

40.     As a direct and proximate result of the hereinbefore described breach of contract by Pivotal, Plaintiff has wrongfully been denied his rightfully earned commission and has incurred costs, expenses and attorney's fees in pursuit of this recovery.

**Answer:**     Pivotal denies the allegations in Paragraph 40.

WHEREFORE, James Frainey demands judgment against Pivotal Software USA, Inc. for compensatory damages as determined by the proofs; costs and expenses of suit incurred; reasonable attorney fees; applicable interest; and such further relief as this Court may deem just and proper.

**Answer:**     Pivotal denies that Plaintiff is entitled to the relief requested in the above Paragraph or to any relief whatsoever.

## DEFENSES AND AFFIRMATIVE DEFENSES

By way of defenses and affirmative defenses, Pivotal alleges as follows

1.     The Complaint fails to state a claim upon which relief may be granted

2.     The Complaint and the allegations therein are barred under the doctrines of estoppel and waiver.

3.     Plaintiff's claims for additional incentive compensation, commissions and stock options are subject to offset in an amount to be proven at trial.

4.     If Pivotal is liable to Plaintiff, Plaintiff is precluded from recovering, in whole or in part, based on the doctrine of after-acquired evidence.

5.     At all times relevant to this action, any employment decision or actions undertaken with respect to Plaintiff were undertaken in good faith by Pivotal.

548348.v1

10

## RESERVATION

Pivotal reserves the right to add defenses and affirmative defenses, to add counterclaims, and to argue legal theories in addition to or in lieu of those specifically identified herein, as the facts in this matter may warrant, including without limitation additional or further facts hereafter disclosed through discovery.

WHEREFORE, Pivotal respectfully requests that this Court enter judgment in its favor and against Plaintiff, dismissing the Complaint and awarding Pivotal its costs, attorneys' fees, and such other relief as the Court deems just and proper.

Dated:   August 24, 2001

PIVOTAL SOFTWARE USA, INC.,
n/k/a PIVOTAL CORPORATION,

By:   _____
      One of its attorneys

Marc R. Jacobs, #06191561
Jeremy J. Glenn, #06242988
D'Ancona & Pflaum LLC
111 East Wacker Drive
Suite 2800
Chicago, Illinois 60601
(312) 602-2000

Of Counsel to Pivotal Software USA, Inc., n/k/a/ Pivotal Corporation:

Gregory A. Hendershott
Lisa S. Guterson
Dorsey & Whitney LLP
U.S. Bank Centre
1420 Fifth Avenue, Suite 3400
Seattle, WA  98101
(206) 903-8800

548348.v1